IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  Criminal Action No. 13-116-GMS |
| | ) |
| CARL MCBRIDE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and Edward J. McAndrew, Assistant United States Attorney for the District of Delaware, and the defendant, Carl McBride, by and through the defendant's attorney, Daniel I. Siegel, the following agreement is hereby entered into by the respective parties:

1.  The defendant agrees to plead guilty to Count Two of the Indictment charging him with Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2). The maximum penalties for this offense are: a mandatory minimum term of 5 years, to a maximum term of 20 years, of imprisonment; a fine of $250,000; full restitution; a mandatory minimum term of 5 years, to a maximum term of life, of supervised release; and a $100 special assessment.

2.  The defendant acknowledges that the elements of Receipt of Child Pornography, charged in Count 2 of the Indictment, are as follows:

    a.  The defendant knowingly received;

    b.  Any child pornography;

      c.      That, using a facility or means of interstate commerce, has been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer.

The defendant admits that he is guilty of this offense.

3.      The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory mandatory minimum sentence, and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

4.      Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

5.      Except as provided in Paragraph 4 regarding an additional one-level reduction for acceptance of responsibility, the United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the district court in any subsequent proceeding.

6.      The defendant agrees to pay the $100 special assessment on the day of sentencing. If the Court orders the payment of any fine or restitution as part of the defendant's sentence, the

defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7.  Pursuant to Title 18, United States Code, Section 2253(a), the defendant agrees to forfeit to the United States his interest in the following evidence, fruits and instrumentalities of his offense of conviction:

   a.  iMac Book Pro, silver ~ Model A1328 : S/N W8031RYATM;

   b.  2GB SanDisk Cruzer black;

   c.  Dell Dimension desktop computer ~ Model #B110 ~ Service Tag #JTP1W81;

   d.  Verizon LG cellular phone ~ Model #VX11000 ~ S/N 90BKPQJ1798500;

   e.  Cannon 16GB SD Memory card;

   f.  Motorola Virgin mobile phone ~ Model #WX435 ~ S/N SJUG6101AB;

   g.  Apple iPhone 4S ~ white;

   h.  Dell Dimension desktop computer ~ Model #2400 ~ Service Tag #BX4WS851;

   i.  Samsung cellular phone (red) ~ Model SCH-U450; and

   j.  Samsung AT&T cellular phone (blue) ~ Model #SGH-A777 with SIM card.

8.  The defendant further agrees to waive all interest in the assets identified in Paragraph 7 in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this

case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

9. It is further agreed by the parties that this Memorandum of Plea Agreement represents the entire agreement entered into by the parties; that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

Respectfully submitted,

CHARLES M. OBERLY, III
United States Attorney

By: _____
Edward J. McAndrew
Assistant United States Attorney

_____
Daniel I. Siegel
Attorney for Defendant

_____
Carl McBride
Defendant

Dated: July 29, 2015

AND NOW this 10th day of Sept 2015, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Gregory M. Sleet
United States District Judge