AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Delaware

UNITED STATES OF AMERICA
v.
CARL MCBRIDE

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 13-CR-116-1-GMS

USM Number: 07600-015

Dina Chavar, Esq.
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s) II of the Indictment

☐ pleaded nolo contendere to count(s) ______
which was accepted by the court.

☐ was found guilty on count(s) ______
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense End | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(2). | Receipt of child pornography | 11/05/2013 | II |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☑ Count(s) I and III of the Indictment ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 19, 2017
Date of Imposition of Judgment

[signature]
Signature of Judge

Hon. Gregory M. Sleet, United States District Judge
Name and Title of Judge

Jan 25, 2017
Date

DEFENDANT: CARL MCBRIDE
CASE NUMBER: 13-CR-116-1-GMS

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

120 months

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant be placed in a facility that addresses the needs of individuals that have been convicted of similar crimes.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at ____________ ☐ a.m. ☐ p.m. on ____________ .
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ before 2 p.m. on ____________ .
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

a ____________ , with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: CARL MCBRIDE
CASE NUMBER: 13-CR-116-1-GMS

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
10 years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CARL MCBRIDE
CASE NUMBER: 13-CR-116-1-GMS

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall register as a convicted sex offender in any state, as required by state law.

2. The defendant shall have no unsupervised interaction with a minor other than your biological or legally adopted children (unless they are victims) without the prior approval of the Court.

3. The defendant shall not reside within 500 feet of a school, playground or daycare center.

4. The defendant shall not associate with anyone who is a known sexual offender, except in a registered treatment program.

5. The defendant shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be approved by the probation officer.

6. The defendant shall participate in the Offender Workforce Development Program.

7. The defendant shall participate in mental health and/or sex offender treatment programs, which may include a psychosexual evaluation, an Abel Assessment for Sexual Interest, risk assessment testing, and counseling. The probation officer, under the direction of this Court, shall supervise the selection of the program and all administrative details of defendant's participation in the program. The defendant shall waive all rights of confidentiality regarding such treatment and evaluation to allow the release of information to the probation officer and the Court, and the defendant shall allow free communication between the probation officer, the Court, and the treatment provider(s).

8. The defendant shall submit to random polygraph examinations, on subjects related to defendant's supervision and treatment. The probation officer shall supervise the administrative details of the polygraph examinations, including the frequency in which such examinations are administered. Any examinations shall be administered by a certified examiner selected by the probation officer. Such examinations shall be administered by a certified examiner. The defendant may be required to contribute to the costs of the polygraph examinations to the extent that they have the ability to pay.

9. The defendant is prohibited from engaging in any occupation, business, profession, or volunteer activity that includes contact with minors without the approval of the Court. The defendant shall not own or operate a personal computer or electronic devices with Internet access in their home or at any other location, including employment. This is an initial prohibition which the Court will modify when: (1) the defendant has been in complete compliance with all conditions of supervision for at least one year; (2) the defendant has not demonstrated deception on any polygraph examinations and/or has not made any admissions or disclosures indicating risk behaviors, and (3) defendant's court appointed mental health and/or sex offender therapists and counselors all agree that the modification of the prohibition will aid in defendant's rehabilitation.

10. The defendant shall not possess or view any materials, including pictures, photographs, films, videos, computer-generated images, drawings or cartoon depicting minors, or what appears to be minors, engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256 (8).

11. The defendant shall not possess or view any materials including pictures, photographs, films, videos, computer-generated images, drawings or cartoons depicting adults in sexually explicit conduct as defined in 18 U.S.C. § 2256(2). This is an initial prohibition which the Court will terminate when: (1) the defendant has been in complete compliance with all conditions of supervision for at least one year; (2) the defendant has not demonstrated deception on any polygraph examinations or has not made any admissions or disclosures indicating risks behaviors, and (3) defendant's court appointed mental health and/or sex offender therapists and counselors all agree that the termination of the prohibition will aid in defendant's rehabilitation.

12. If granted Internet access by the Court: (I) the defendant shall provide a complete record of all passwords and user identifications, both past and present, to the U.S. Probation Office, and shall not make any changes without prior written approval of the Court: (2) the defendant shall comply with the requirements of any computer/internet usage monitoring program established, administered by the U.S. Probation Office: (3) the defendant shall not interfere with the installation of monitoring software on any computer or electronic device to which defendant has access. The software may restrict and/or record any activity on the computer or device, including the capture of keystrokes, application data, internet use history, email and instant message applications, and online chat conversations. A notice will be placed on the computer or device at the time of installation to warn others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the monitoring software, and shall pay for all fees associated with the monitoring. The defendant shall comply with the terms of use of any website or interactive computer service that they access, including prohibitions against use by convicted sex offenders.

DEFENDANT: CARL MCBRIDE
CASE NUMBER: 13-CR-116-1-GMS

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100 | $ Waived | $ 13,000 |

☐ The determination of restitution is deferred until ________ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Cusack, Gilfillan & O'Day, LLC for "Cindy"<br>415 Hamilton Boulevard<br>Peoria, Illinois 61602 | $1,000.00 | $1,000.00 | |
| Lenahan Law, P.L.L.C., F/B/O "Angela"<br>2655 Villa Creek, Suite 222<br>Dallas, Texas 75234 | $1,000.00 | $1,000.00 | |
| The Law Office of Erik Bauer in Trust for the 8 Kids Series "John Doe I-V"<br>215 Tacoma Avenue South<br>Tacoma, Washington, 98402 | $4,000.00 | $4,000.00 | |
| The Marsh Law Firm PLLC Client Trust Account<br>Attn: Amy<br>P.O. Box 4668 #65135 | $1,000.00 | $1,000.00 | |
| The Marsh Law Firm PLLC in trust for Erin and Fiona<br>P.O. Box 4668 #65135<br>New York, New York 10163-4668 | $2,000.00 | $2,000.00 | |
| The Marsh Law Firm PLLC in trust for Jenny<br>P.O. Box 4668 #65135<br>New York, New York 10163-4668 | $1,000.00 | $1,000.00 | |
| **TOTALS** | $ 13,000.00 | $ 13,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

- ☑ the interest requirement is waived for the ☐ fine ☑ restitution.
- ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CARL MCBRIDE
CASE NUMBER: 13-CR-116-1-GMS

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Deborah A. Bianco in trust for "Pia" "Ava" and "Mya"<br>14535 Bellevue-Redmond Road<br>Suite 201<br>Bellevue, Washington 98007 | $3,000.00 | $3,000.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: CARL MCBRIDE
CASE NUMBER: 13-CR-116-1-GMS

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 13,100.00 due immediately, balance due

☐ not later than __________, or
☑ in accordance ☐ C, ☑ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ______ *(e.g., months or years)*, to commence ______ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☑ Payment in equal monthly *(e.g., weekly, monthly, quarterly)* installments of $ not less than $50 over a period of 119 *(e.g., months or years)*, to commence 30 days *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ______ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
a) iMac Book Pro, Model Al328 SIN W8031RYATM; b) 2GD SanDisk Cruzer black; c) Dell Dimension desktop computer, Model B 110 Service tag #JTP1W81; d) Verizon LG cellular phone, Model #VX11000 S/N 90BKPQJ1798500; e) Cannon 16GB SD memory card; f) Motorola Virgin mobile phone, Model #WX435 S/N SJUG6101AB; g) Apple iPhone 4S white; h) Dell Dimension desktop computer Model #2400 Service tag #BX4WS851; i) Samsung cellular phone red Model SCH-U450; j) Samsung AT&T cellular phone blue model #SGH-A777 with sim card.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.